# In the United States Court of Federal Claims

No. 22-1835C

(Filed:  January 25, 2023)

**NOT FOR PUBLICATION**

---

|  |  |  |
|---|---|---|
| GREGORY JOSEPH PODLUCKY, | ) | |
| | ) | |
| Plaintiff, | ) | Pro Se Complaint; <u>Sua Sponte</u> Dismissal |
| | ) | for Lack of Subject-Matter Jurisdiction; |
| v. | ) | RCFC 12(h)(3); Transfer Not Warranted; |
| | ) | Anti-Filing Injunction. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

<u>ORDER OF DISMISSAL</u>

On December 19, 2022, plaintiff filed a pro se complaint, ECF No. 1, and a motion to proceed <u>in forma pauperis</u>, ECF No. 2, in this case.  Plaintiff's motion for joinder, filed on January 5, 2023, ECF No. 11, is also pending before the court.  Because the court lacks jurisdiction over the claims made in plaintiff's complaint, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) <u>sua sponte</u>.  <u>See</u> RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.     Background

In his complaint, plaintiff alleges that defendant failed to return to him personal property that was seized, apparently in connection with a criminal proceeding in the United States District Court for the Western District of Pennsylvania.  <u>See</u> ECF No. 1 at 1-4.  Specifically, he alleges that, "[o]n March 30, 2022, the [district court] ruled in favor of the United States causing all the available assets for returning to [plaintiff] and/or assigns forfeited consequently causing there to be no available assets to satisfy the promise to return the Certain Personal Pieces."  <u>Id.</u> at 4 (emphasis omitted).  According to plaintiff, this ruling "is a manifest injustice because [the district court] made specific findings that are unreasonably harsh and shocking to the conscience of a reasonable

person . . . because any ambiguity in a plea agreement must be resolved against the government." Id.

Although plaintiff does not identify the case in which the challenged March 30, 2022 order was entered, see generally ECF No. 1, it appears to the court that plaintiff is referring to United States v. Various Items of Jewelry, Case No. 12-cv-1171 (W.D. Pa.). On March 30, 2022, the district court entered an order granting defendant's motion for judgment and final order of forfeiture against property to which plaintiff claims he is entitled and entered judgment on the same date. See Various Items of Jewelry, Case No. 12-cv-1171, ECF No. 65 (order), ECF No. 66 (judgment).

Plaintiff characterizes his present claim as one for breach of contract, alleging that defendant breached its plea agreement with plaintiff by not returning to him certain property. See ECF No. 1 at 14-16. Plaintiff contends that he "entered into a government contract with the United States for the return of the Certain Personal Pieces valued at $22,749,978.85 and the United States failed to return the Certain Personal Pieces allowing the forfeiture of such in violation of paragraph B. 5 of his plea agreement for the 'free and clear of the forfeiture rights of the United S[t]ates.'" Id.at 16. As a remedy, plaintiff requests that the court award him $22,749,978.85. Id.

The instant complaint is not the first that plaintiff has filed in this court seeking to recover seized property. The court dismissed for lack of subject matter jurisdiction plaintiff's complaint filed on May 17, 2021. See Podlucky v. United States, Case No. 21-1377C, ECF No. 7 (June 25, 2021 order of dismissal). It appears to the court that plaintiff's May 17, 2021 complaint sought the return of, or compensation for, the same property at issue in the present case. Compare, ECF No. 1 with Podlucky, Case No. 21-1377C, ECF No. 1.

This court has dismissed at least four additional cases filed by plaintiff for lack of subject matter jurisdiction. See Podlucky v. United States, Case No. 22-30T; Podlucky v. United States, 21-cv-1686C; Podlucky v. United States, Case No. 21-1634C; and Podlucky v. United States, Case No. 21-1633T.

II.   Legal Standards

A.   Pro Se Litigants

The court acknowledges that plaintiff is proceeding pro se and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has

examined the complaint thoroughly to discern all of plaintiff's claims and legal arguments.

        B.     Jurisdiction

      This court is one of limited jurisdiction. Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "A court may and should raise the question of its jurisdiction <u>sua sponte</u> at any time it appears in doubt." <u>Arctic Corner, Inc. v. United States</u>, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

      Because the Tucker Act "does not create any substantive right enforceable against the United States for money damages," <u>United States v. Testan</u>, 424 U.S. 392, 398 (1976), a plaintiff asserting a claim before this court "must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages" against the United States. <u>Khan v. United States</u>, 201 F.3d 1375, 1377-78 (Fed. Cir. 2000); <u>see also</u> <u>Fisher v. United States</u>, 402 F.3d 1167, 1172 (Fed. Cir. 2005) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the [sovereign immunity] waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.").

III.    Analysis

        A.     The Court Lacks Subject Matter Jurisdiction in this Case

      This court lacks jurisdiction to collaterally review the actions of federal district courts. As described above, the gravamen of this complaint is plaintiff's dissatisfaction with the proceedings in the United States District Court for the Western District of Pennsylvania. The Tucker Act, however, does not give this court jurisdiction to consider the merits of a collateral attack on those proceedings. <u>See</u> 28 U.S.C. § 1491(a); <u>see, e.g.</u>, <u>Shinnecock Indian Nation v. United States</u>, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); <u>Vereda, Ltda. v. United States</u>, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims 'does not have jurisdiction to review the decisions of district courts.'") (quoting <u>Joshua v. United States</u>, 17 F.3d 378, 380 (Fed. Cir. 1994). In order to challenge such proceedings, a plaintiff must rely on "the statutorily defined appellate process." <u>Shinnecock</u>, 782 F.3d at 1353 (citation omitted). As such, this court must dismiss plaintiff's case for lack of subject matter jurisdiction.

B.      Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631.  "Transfer is appropriate when three elements are met:  (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice."  Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631).

The court has already determined that it lacks jurisdiction over plaintiff's claims. Although plaintiff did not attach the allegedly breached plea agreement to his complaint, he states that the challenged decision was made by the United States District Court for the Western District of Pennsylvania.  See ECF No. 1 at 1.  Therefore, it appears that the United States District Court for the Western District of Pennsylvania would be the appropriate forum if transfer were warranted.

As to the final element, because the district court has already considered the proper fate of the seized items in the order plaintiff now seeks to challenge before this court, see Various Items of Jewelry, Case No. 12-cv-1171, ECF No. 65, a transfer would result in duplicative litigation before the district court and would not serve the interests of justice.  For this reason, the court finds that transfer is not appropriate.

IV.    Conclusion

Accordingly, for the foregoing reasons:

(1)     Plaintiff's application to proceed in forma pauperis, ECF No. 2, is **GRANTED** for the limited purpose of determining this court's jurisdiction;

(2)     Plaintiff's motion for joinder, ECF No. 11, is **DENIED** as moot;

(3)     The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3);

(4)    The clerk's office is further directed to **RETURN** any future filings not in compliance with this court's rules to plaintiff, **UNFILED**, without further order of the court;

(5)    The court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as alleged, plaintiff's claims are clearly beyond the subject matter of this court; and

(6)    Because plaintiff has repeatedly filed complaints that needlessly consume the resources of the court, the court **ENTERS** the following anti-filing injunction:

> **Gregory Joseph Podlucky** is immediately **ENJOINED** from filing any new complaints with this court without first obtaining leave from the Chief Judge of the United States Court of Federal Claims to do so. Any motion for leave to file must include as an attachment a full complaint that meets all of the requirements of RCFC 8; in particular the complaint must identify the source of law supporting this court's jurisdiction over the claims asserted. Thus, the clerk's office is directed to **REJECT** all future complaints from Mr. Podlucky unless filed by leave of the Chief Judge.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH,
Judge